UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

REBECCA TOWERS,
as parent and natural guardian of
KATIANNA TOWERS, a minor,

    Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD.,
and JOHN DOES (1 – 10),

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff REBECCA TOWERS is a citizen of the state of Massachusetts, over the age of eighteen years and is otherwise *sui juris*. Plaintiff REBECCA TOWERS is the parent and natural guardian of KATIANNA TOWERS, a minor.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("ROYAL CARIBBEAN"), is a Liberian corporation with its principal place of business in Miami, Florida.

3. Plaintiff REBECCA TOWERS does not know the true names of Defendants sued herein as JOHN DOES (1 – 10), inclusive, and therefore sues these Defendants by such fictitious names until their true identities are determined. JOHN DOES (1 – 10), were passengers aboard the Defendant ROYAL CARIBBEAN's vessel *Oasis of the Seas*, who brutally sexually assaulted and gang raped KATIANNA TOWERS, a minor.

Lipcon, Margulies, Alsina & Winkleman, P.A.

4. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

5. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because ROYAL CARIBBEAN unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this Federal District and Division,* as opposed to any other place in the world.

6. Defendant ROYAL CARIBBEAN at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. The Defendant, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Oasis of the Seas*.

7. Defendant is subject to the jurisdiction of the Courts of this state.

8. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

9. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, *Oasis of the Seas*.

2

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

10. Defendant ROYAL CARIBBEAN, at all relevant times, and for at least a decade prior to the incident complained of in this lawsuit, knew of the serious risk of crime and injury to its passengers aboard its vessels, because the Defendant ROYAL CARIBBEAN had experienced and had actual knowledge of such crimes and injuries, perpetrated aboard its vessels both by crew and by other passengers. These crimes and injuries, upon information and belief, included but were not limited to, assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew.

11. Defendant ROYAL CARIBBEAN further had experienced and had actual knowledge of minors wrongfully being provided with or allowed to gain access to alcohol, and then becoming the victim of assaults and batteries and sexual crimes, perpetrated aboard its vessels both by crew and by other passengers.

12. Defendant ROYAL CARIBBEAN also knew, or should have known, from previous experience, that the risk of crime and injury against passengers aboard its vessels tended to be greatest in passenger cabins and in bars.

13. Defendant ROYAL CARIBBEAN, at all relevant times, and upon information and belief, anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels in the future.

14. Defendant ROYAL CARIBBEAN, at all relevant times, chooses to sell alcohol to passengers aboard its vessels. Upon information and belief, such beverage sales are among the top source of onboard revenue, which determines the profitability of each voyage. Upon further information and belief, Defendant ROYAL CARIBBEAN derives hundreds of millions of dollars in annual revenue from this source alone.

15. Defendant ROYAL CARIBBEAN knew, or should have known, that the high risk to its passengers of crime and injury aboard the vessels was enhanced by Defendant ROYAL CARIBBEAN's sale of copious quantities of alcohol on its vessels.

16. Defendant ROYAL CARIBBEAN knew, or should have known of the need to prevent minors wrongfully being provided with or allowed to gain access to alcohol, both by crew and by other passengers.

17. Defendant ROYAL CARIBBEAN, at all relevant times, advertises and markets its cruises and vessels in a way calculated to induce prospective cruisers to sail on its vessels. In doing so, Defendant ROYAL CARIBBEAN deliberately emphasized the positives of its cruises and vessels, almost to the exclusion of any negatives, such as the risk of crime and injury aboard its vessels, which was well-known to Defendant ROYAL CARIBBEAN at all relevant times. As a consequence, prospective passengers did not receive sufficient information from Defendant ROYAL CARIBBEAN to make fully informed decisions to book a cruise, and/or to fully comprehend the need to take precaution for their own safety, and that of minors, while aboard its vessels.

18. Instances of rapes and/or sexual assault occur aboard Defendant's vessels at an alarming rate. Yet Defendant ROYAL CARIBBEAN fails to take adequate steps or provide adequate security to prevent such rapes and/or sexual assaults, and fails to warn its passengers of the growing epidemic and rape and sexual assault at sea. ROYAL CARIBBEAN's motive for failing to warn its passengers is financial in nature; that is, ROYAL CARIBBEAN willfully chooses not to warn its passengers about rapes and sexual assaults aboard its ships so as not to scare any prospective passengers away. Such willful and outrageous conduct on the part of the defendant exposes them to punitive

damages. *See Lobegeiger v. Celebrity Cruises, Inc.,* No. 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXIS 93933 (S.D. Fla. Aug. 23, 2011).

19. At the time of booking, and at all other relevant times, the Plaintiff and KATIANNA TOWERS' grandparents, saw, read, heard about, and relied upon the aforementioned superlative information disseminated to the public by the Defendant ROYAL CARIBBEAN regarding the cruise experience aboard its vessels, from which the Defendant ROYAL CARIBBEAN deliberately omitted any mention of a general risk of harm to passengers, including minors, aboard its vessels.

20. At the time of booking, and at all other relevant times, neither the Plaintiff, KATIANNA TOWERS' grandparents, nor her other family members, were made aware of, in any reasonable fashion, of the risks and/or of prior occurrences of crime aboard Defendant ROYAL CARIBBEAN's vessels; and they therefore were otherwise unaware of any need to rethink going on the cruise and/or to take any special precautions to protect themselves, including the minor KATIANNA TOWERS.

21. On or about December 26, 2015, Plaintiff KATIANNA TOWERS boarded the vessel with her grandparents and two sisters for a seven day cruise to celebrate the Christmas holiday and New Year.

22. At all relevant times Plaintiff KATIANNA TOWERS was a fare paying passenger and lawfully aboard the vessel.

23. On or about the evening of December 26, 2015, while in a public lounge and other public areas aboard the vessel, several adult male passengers, DOES (1-10), purchased multiple alcoholic beverages for the minor Plaintiff KATIANNA TOWERS causing her to become highly intoxicated. The purchase of and provision of alcohol to the minor

Plaintiff KATIANNA TOWERS was done in plain view of multiple crewmembers who saw or should have seen it. These public lounges and other public areas were also under surveillance by the ship's security cameras and personnel. Neither the crewmembers present on the scene nor those who were watching or supposed to be watching the surveillance cameras took any action to prevent the service of alcohol to the minor Plaintiff KATIANNA TOWERS.

24. In view of multiple crewmembers and still under surveillance by the ship's security cameras, these adult male passengers, DOES (1 – 10), steered the minor Plaintiff KATIANNA TOWERS, who was obviously drunk, disoriented and unstable, to a cabin where they brutally assaulted and gang raped her.

25. Neither the crewmembers present on the scene nor those who were watching or supposed to be watching the surveillance cameras took any action to assist an obviously incapacitated minor Plaintiff KATIANNA TOWERS as she was taken away be several adult male passengers DOES (1 – 10).

## CAUSES OF ACTION

### COUNT I

**NEGLIGENCE AGAINST ROYAL CARIBBEAN FOR SEXUAL ASSAULT/RAPE**

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 25 as though alleged originally herein.

26. At all times material hereto, it was the duty of Defendant ROYAL CARIBBEAN to provide KATIANNA TOWERS with reasonable care under the circumstances while they were passengers aboard the *Oasis of the Seas*.

27. On or about December 26, 2015, KATIANNA TOWERS was injured due to the fault and negligence of Defendant ROYAL CARIBBEAN, and/or its agents, servants and/or employees as follows:

   a. Failing to provide reasonably safe conditions for Plaintiff KATIANNA TOWERS aboard Defendant's vessel. Said safe conditions include, but are not limited to, the prevention of permitting an atmosphere to exist wherein persons could rape and/or sexually assault passengers;

   b. Failing to adequately monitor the public areas;

   c. Failing to adequately monitor passengers;

   d. Failing to provide adequate security aboard the vessel;

   e. Failing to warn passengers of the dangers of sexual assaults aboard Defendant's ships;

   f. Failing to warn passengers of the prevalence of sexual assaults aboard Defendant's ships;

   g. Failing to warn passengers of the prevalence of sexual assaults on minors aboard Defendant's ships;

   h. Failing to adequately monitor and control the conduct of minors aboard the vessel;

   i. Failing to protect passengers, especially minors, from sexual assaults, physical batteries and/or rapes by other passengers;

   j. Failing to promulgate and/or enforce adequate policies and/or procedures to prevent sexual assaults on minors aboard Defendant's ships;

   k. Failing to provide adequate training for its crewmembers;

   l. Failing to adequately monitor passengers, especially minor passengers, so as to keep them away from dangerous passengers and/or dangerous situations;

   m. Failing to provide adequate supervision and/or security for minor passengers aboard its vessels;

   n. Failing to promulgate and/or enforce adequate policies and/or procedures to prevent alcohol being served to minors;

  o. Failing to exercise reasonable care for the safety of its passengers, and by creating a dangerous condition by refusing to intervene to prevent the service of alcohol to a minor and/or to assist an obviously intoxicated minor, when a reasonable and prudent crewmember would have taken action;

  p. Violating the International Safety Management Code by failing to have an adequate Safety Management System Manual and/or by failing to adequately implement and follow the Safety Management System Manual they have, as it related to protecting passengers from sexual assault and/or rape aboard Defendant's ships and service of alcoholic beverages to minors, all of which caused Plaintiffs to be injured.

  q. In other manners not yet known, but which are expected to be revealed in discovery.

28. As a direct and proximate result of the negligence of ROYAL CARIBBEAN, KATIANNA TOWERS was directly and proximately caused to be sexually assaulted and/or physically battered and/or gang raped by JOHN DOES (1 – 10) passengers, and suffered severe emotional distress.

29. As a result of the foregoing, the Plaintiff KATIANNA TOWERS was injured about her body and extremities, pain and suffering; mental anguish; inconvenience; great shame, psychological trauma, psychological scarring, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life; and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature and she will suffer losses and impairments in the future. Further, Plaintiff lost the value of their vacation cruise.

  **WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

## COUNT II

### INTENTIONAL TORT AGAINST JOHN DOES (1 – 10) FOR SEXUAL ASSAULT/RAPE

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 25 as though alleged originally herein.

30. On or about December 26, 2016, JOHN DOES (1 – 10) sexually assaulted, battered and gang raped KATIANNA TOWERS.

31. As a direct and proximate result of the intentional acts of JOHN DOES (1 – 10) KATIANNA TOWERS was directly and proximately caused to be sexually assaulted and/or physically battered and/or raped by CASEY DICKERSON and other passengers and suffered severe emotional distress.

32. As a result of the foregoing, the Plaintiff KATIANNA TOWERS was injured about her body and extremities, pain and suffering; mental anguish; inconvenience; great shame, psychological trauma, psychological scarring, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life; and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature and she will suffer losses and impairments in the future. Further, Plaintiff lost the value of their vacation cruise.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against the Defendants and demands trial by jury.

## COUNT III

## PUNITIVE DAMAGES AGAINST ROYAL CARIBBEAN

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 25 as though alleged originally herein.

33. Punitive damages have long been recognized in maritime tort actions and may be awarded where Defendant's actions were intentional, deliberate and/or so wanton and reckless as to demonstrate a conscious disregard of the rights of others. Here, ROYAL CARIBBEAN's conduct warrants the imposition of punitive damages.

34. Instances of rapes and/or sexual assault occur aboard Defendant's vessels at an alarming rate. Yet Defendant ROYAL CARIBBEAN fails to take adequate steps or provide adequate security to prevent such rapes and/or sexual assaults, and fails to warn its passengers of the growing epidemic and rape and sexual assault at sea. ROYAL CARIBBEAN's motive for failing to warn its passengers is financial in nature; that is, ROYAL CARIBBEAN willfully chooses not to warn its passengers about rapes and sexual assaults aboard its ships so as not to scare any prospective passengers away. Such willful and outrageous conduct on the part of the defendant exposes them to punitive damages. *See Lobegeiger v. Celebrity Cruises, Inc., No. 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXIS 93933 (S.D. Fla. Aug. 23, 2011).*

35. As a result of the foregoing, the Plaintiff KATIANNA TOWERS was injured about her body and extremities, pain and suffering; mental anguish; inconvenience; great shame, psychological trauma, psychological scarring, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life; and other mental and/or nervous disorders, and has incurred medical expenses in the past and will

incur medical expenses in the future. The injuries are permanent and/or continuing in nature and she will suffer losses and impairments in the future. Further, Plaintiff lost the value of their vacation cruise.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against the Defendant, including punitive damages, and demands trial by jury.

## COUNT IV
## PUNITIVE DAMAGES AGAINST JOHN DOES (1 – 10)

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 25 as though alleged originally herein.

36. Punitive damages have long been recognized in maritime tort actions and may be awarded where Defendant's actions were intentional, deliberate and/or so wanton and reckless as to demonstrate a conscious disregard of the rights of others. Here, the intentional, deliberate and wanton conduct of JOHN DOES (1 – 10) warrants the imposition of punitive damages.

37. As a result of the intentional, deliberate, wanton and/or reckless conduct of JOHN DOES (1 – 10), the Plaintiff KATIANNA TOWERS was injured about her bodies and extremities, pain and suffering; mental anguish; inconvenience; great shame, psychological trauma, psychological scarring, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life; and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature and she will suffer losses and impairments in the future. Further, Plaintiff lost the value of their vacation cruise.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against the Defendants, including punitive damages, and demands trial by jury.

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
Suite 1776, One Biscayne Tower
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-3016
Fax:      (305) 373-6204
*Attorneys for Plaintiffs*

By      */s/Jason R. Margulies*
        JASON R. MARGULIES
        Fla. Bar. No.: 57916
        jmargulies@lipcon.com
        CAROL L. FINKLEOFFE
        Fla. Bar. No.: 0015903
        cfinklehoffe@lipcon.com

Date: December 12, 2016,